In re MURRAY INDUSTRIES, INC., et al., Debtor.

MURRAY INDUSTRIES, INC., Plaintiff,

v.

NORWEST BANK MINNEAPOLIS, N.A., not individually, but as Trustee of the Murray Industries, Inc., Retirement and Savings Plan Trust and G. Dale Murray, Defendants.

and

MURRAY INDUSTRIES, INC., Plaintiff,

v.

G. Dale MURRAY, Defendant.

Bankruptcy Nos. 88–7473–8P1 to 88–7488–8P1.
Adv. Nos. 89–141, 89–442.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 18, 1989.

See also, Bkrtcy., 106 B.R. 284.

John K. Olson, Miami, for plaintiff.

William Mitchell, for Norwest Bank.

G. Dale Murray and Susan Murray, pro se.

## ORDER ON MOTION FOR WRIT OF GARNISHMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case and the matter under consideration is a Motion for Writ of Garnishment filed by Murray Industries, Inc. (Debtor). The Motion seeks the issuance of a writ of garnishment by this Court to be served on Norwest Bank Minneapolis, N.A. (Bank) to garnish the sum of $173,577.52 which represents the proceeds of a certain pension plan trust of G. Dale Murray, the former chairman of the board and president of the Debtor. The Motion is filed in an adversary proceeding commenced by the Debtor by the filing of a verified Complaint. In Count I of the Complaint, the Debtor seeks a money judgment against G. Dale Murray based on a promissory note made by G. Dale Murray and payable to the Debtor in the principal sum of $133,905.00. The note became fully due and owing on June 30, 1988. The claim in Count II of the Complaint seeks to recover the sum of $48,824.00 plus fees, costs and interest, represented by a promissory note executed by G. Dale Murray and payable to the Debtor, which became fully due and owing on June 12, 1988.

At the duly scheduled hearing at which counsel for the Bank, and G. Dale Murray in proper person, appeared, the Court heard argument of counsel for the Debtor and counsel for the Bank and statement by G. Dale Murray, and now finds and concludes as follows.

In order to put the matter under consideration in proper focus, it is imperative to consider a companion adversary proceeding, Adversary Proceeding No. 89–141, filed by the Debtor against the Bank, not individually, but only as Trustee of the Murray Industries, Inc., Retirement and Savings Plan Trust and against G. Dale Murray. In this Complaint, the Debtor sought an injunctive relief prohibiting the Bank to disburse any funds from a trust to G. Dale Murray and an ultimate final injunction after trial determining that funds on deposit with the Bank under the Pension Plan Trust are properties of the estate. In the alternative, the Debtor sought authority to garnish, attach or otherwise recover the funds in issue after trial. The right to the injunctive relief was based on the contention that G. Dale Murray is indebted to the Debtor's affiliate, Murray Boat Administrative Services, Inc., which is also a debtor, based on two promissory notes; that G. Dale Murray has possession of the two Mercedes automobiles which were purchased with the funds of the Debtor; and that based on a preliminary audit, G. Dale Murray is indebted to the Debtor in the amount of $2.9 million. In due course, the Bank filed an answer and a crossclaim against G. Dale Murray and Susan Murray and sought an injunction against G. Dale Murray and Susan Murray to prohibit them from instituting any proceeding against the Bank for the recovery of the funds in the Retirement Plan Trust. The Bank further claimed that G. Dale Murray and Susan Murray should be required to interplead and settle between themselves the rights to the monies held pursuant to the Plan Trust, thereby discharging it from all liability with respect to the accounts of G. Dale Murray held pursuant to the Plan Trust. In addition, the Bank also sought a protective order that in the event the Court found that the Debtor was entitled to prevail on its claims against G. Dale Murray, the method of distribution should be pursuant to certain specific guidelines considered by this Court earlier in a previous case entitled, "Tambay Trustee v. Florida Progress Corporation, No. 86–108". The Bank also

sought, of course, to recover its costs and attorney fees.

On August 29, 1989, in Adversary Proceeding No. 89–141, this Court entered its Findings of Fact, Conclusions of Law and Memorandum Opinion which, inter alia, found that inasmuch as there was no lawsuit pending at that time by the Debtor against Mr. and Mrs. Murray, and in light of the fact that there was no showing made, that the Debtor would ultimately prevail, if one was filed, on its claim based on breach of fiduciary duty or defalcation by Mr. Murray, the Debtor was not entitled to injunctive relief. For this reason, the Motion for Summary Judgment filed by G. Dale Murray and Susan Murray was granted and based on these findings, this Court entered a Final Judgment on September 12, 1989, and dismissed the Debtor's Complaint against G. Dale Murray and Susan Murray with prejudice. The Final Judgment also provided, however, that the prayer for attorney fees in the interpleader portion of the Complaint was granted in favor of the Bank and against the Debtor in the amount of $500.00. Unfortunately, the Final Judgment did not dispose of the counter-crossclaim filed by the Bank. On September 13, 1989, this Court entered an order on the Motion for Summary Judgment. Based on the finding that it was no longer necessary to maintain the interpleader action, the Order provided that the counter-crossclaim for interpleader would be denied as moot and awarded $500.00 attorney fees to the attorney for the Bank.

It should be noted that on September 22, 1989, the Bank filed a Motion for Rehearing based on the contention that this Court really failed to dispose of its counter-crossclaim and especially, its prayer for interpleader relief and inasmuch as it is still holding the funds in question and confronted by competing demands for the funds—one by the Debtor and one by Mr. and Mrs. Murray—it should be entitled to be absolved from any further responsibility under the Plan and Trust. It appears that in the course of the hearing on the Motion for Summary Judgment, the parties agreed that the Bank shall hold the funds inasmuch as the funds would earn a greater rate than they would have earned if placed in the registry of the court.

The Motion for Writ of Garnishment is filed in Adversary Proceeding No. 89–442 and is based on Fla.Stat. 77.031. This Statute permits the issuance of a writ of garnishment before the entry of the judgment, but only under specific terms and conditions. It is the Debtor's contention that the suit filed by the Debtor in this adversary proceeding is based on the two promissory notes described earlier; that the Motion is a verified Complaint; that the amount of debt for which the Debtor sues is just, due and unpaid; that the Debtor believes that the Defendant will not have in his possession after execution issued tangible and intangible property in the State and in the County in which the action is pending on which a levy can be made sufficient to satisfy the Plaintiff's claim. Based on the foregoing, the Debtor claims that it is entitled to a writ of garnishment securing the funds until it is able to obtain a final judgment against G. Dale Murray.

It is the Bank's contention that it is a mere stakeholder; that as Trustee of the trust is now exposed to two conflicting claims, one by G. Dale Murray and Susan Murray and one by the Debtor, and therefore, it is inappropriate to issue a writ of garnishment, but its prayer for relief in Adversary Proceeding No. 89–141 should be granted and it should be authorized, pursuant to the stipulation, to retain the funds until the claim of the Debtor against G. Dale Murray could be resolved or, in the alternative, to permit the Bank to deposit the funds in the registry of the court and be relieved of any further liability in this case. Unfortunately, rather than focus on the narrow issue presented by the Motion for Writ of Garnishment, both counsel for the Bank and for the Debtor engaged in extensive discussion of whether or not the previous benefit plan trust which contains an anti-alienation provision would immunize the funds in the trust on the basis that it is a spend thrift trust, thus by virtue of § 541(c)(1)(B), (2) is not part of the estate and not subject to administration or whether or not the funds held by the bank would

be exempt under local law by virtue of § 222.21 of the Florida Statutes.

Disregarding this peripheral issue which may or may not control the ultimate disposition of the Debtor's claim to these funds, it is evident that what is necessary at this time is simply to assure that the funds are not disbursed to anyone, including G. Dale Murray. This in turn requires the consideration of whether or not it is appropriate to grant the Motion for Writ of Garnishment filed by the Debtor in Adversary Proceeding No. 89–442, or if it is unnecessary to resort to garnishment to achieve the same goal by merely granting the Motion for Rehearing in Adversary Proceeding 89–141 and enter a final decree on the Complaint for interpleader filed by the Bank to the effect that based on the stipulation, the Bank shall hold the funds on deposit in the Plan and Trust and shall not make any distribution to G. Dale Murray and Susan Murray or in the alternative, to order the Bank to deposit the funds in the registry of the court to be held until final resolution of the Debtor's claim against G. Dale Murray based on the promissory note sued upon in Adversary Proceeding No. 89–442.

Based on the foregoing, this Court is satisfied that it is appropriate as a matter of procedural convenience to consolidate Adversary Proceeding No. 89–442 with Adversary Proceeding No. 89–141, limited to the sole issue of a bank's right to interpleader relief, but not to revisit the Debtor's right to injunctive relief and, based on the stipulation that because funds on deposit with the Bank earn a greater rate, to permit the Bank to retain the funds with the proviso that no funds shall be distributed pending resolution of the issues raised in Adversary Proceeding No. 89–442.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Writ of Garnishment be, and the same is hereby, denied without prejudice. It is further

ORDERED, ADJUDGED AND DECREED that Adversary Proceeding No. 442 be, and the same is hereby, consolidated with Adversary Proceeding No. 89–141. It is further

ORDERED, ADJUDGED AND DECREED that the Bank's Motion be, and the same is hereby, granted and a final hearing shall be scheduled to consider the disposition of the Bank's counter-crossclaim. It is further

ORDERED, ADJUDGED AND DECREED that pending the resolution of the issues, the Bank shall hold the funds on deposit subject to further Order of this Court and shall not make any distribution either to the Debtor or to G. Dale Murray. It is further

ORDERED, ADJUDGED AND DECREED that G. Dale Murray and his wife, Susan Murray, are entitled to assert any defense they might have against the cross-claim filed against them by the Bank and, of course, any defense they might have against the suit filed by the Debtor based on the two promissory notes in question.

DONE AND ORDERED.